**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:26-CV-00042-GNS-HBB**

**TYRONE TACKETT** **PLAINTIFF**

**VS.**

**LINDA TACKETT, et al.** **DEFENDANTS**

**ORDER**

*Pro se* Plaintiff Tyrone Tackett filed this action on March 19, 2026 (DN 1) naming as defendants Linda Tackett and Blooming Iris Enterprises, LLC. On April 6, 2026, Ms. Tackett filed a *pro se* Answer and Counterclaim[1] on her behalf and also on behalf of Blooming Iris Enterprises, LLC (DN 6). Ms. Tackett is not an attorney. Mr. Tackett subsequently filed a motion to strike the Answer of Blooming Iris Enterprises, LLC on the basis that a non-attorney may not represent a business entity (DN 9). Ms. Tackett filed a Response to the motion (DN 13) and also included her own motion for an extension of time in which to retain counsel on behalf of the LLC (DN 14). Mr. Tackett has not filed a Reply to DN 6 or a Response to DN 14.

"Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit persons to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Moreover, "[t]hat a non-lawyer may not represent another person

1 The claim was designated in the pleading as a crossclaim, however as it is a claim asserted by a defendant against a plaintiff, it is a counterclaim.

in court is a venerable common law rule based on the strong state interest in regulating the practice of law." *Heldt v. Nicholson*, No. 99-2120, 2000 U.S App. LEXIS 21246, at *4 (6th Cir. Aug. 10, 2000). The Kentucky Court of Appeals specifically held that a non-attorney may not act in a representative capacity for an LLC entity. *Bobbett v. Russellville Mobile Park, LLC*, 2008 Ky. App. Unpub. LEXIS 991, at *5-6 (Ky. App. Sept. 12, 2008). This Court is charged with ensuring that those appearing before it as legal advocates do not engage in the unauthorized practice of law as defined by the rules promulgated by the Supreme Court of Kentucky and as prohibited by K.R.S. § 524.130. Consequently, the Answer Ms. Tackett filed on behalf of the LLC must be stricken. Moreover, although Mr. Tackett's motion only seeks dismissal of Blooming Iris Enterprises LLC's Answer, the Court *sua sponte* also dismisses the LLC's Counterclaim for the same reason.

**WHEREFORE**, the motion of Plaintiff Tyrone Tackett, DN 9, to strike Blooming Iris Enterprises, LLC's Answer at DN 6 is **GRANTED**. Moreover, the Court *sua sponte* **strikes** Blooming Iris Enterprises, LLC's Counterclaim.

**IT IS FURTHER ORDERED** that the motion of Defendant Linda Tackett for time in which to engage counsel on behalf of Blooming Iris Enterprises, LLC, DN 14, is **GRANTED**. Blooming Iris Enterprises, LLC shall have counsel file an Answer on its behalf no later than July 10, 2026.

**Greg N. Stivers, Judge**
**United States District Court**
June 29, 2026

Copies: Tyrone Tackett, *pro se*
Linda Tackett, *pro se*